Hon. Tana Lin

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| AMERICAN GNC CORPORATION; | Case No. 2:23-cv-00302-TL |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | **NOTE ON MOTION CALENDAR:** |
| NINTENDO CO., LTD., and | **SEPTEMBER 28, 2023** |
| NINTENDO OF AMERICA INC.; | |
| Defendant. | |

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      DEFINITIONS

2.1      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(i)      information about the producing party's product development, design, or specifications for products;

(ii)     information the producing party is obligated by law to maintain in confidence;

(iii)    accounting/financial information, books, and records that are not made public;

(iv)     sales information about commercial products that are not made public, including information on pricing and sales volumes;

(v)      customer information and data;

(vi)     business and marketing plans, strategies, analyses, or surveys;

(vii)    information on producing party's competitors and competitive environment;

(viii)   contracts and agreements or any draft, negotiations, or summaries thereof;

(ix)     information that is subject to the privacy interest of any individual (e.g., medical records, financial information, etc.);

(x)      any document or tangible thing that the producing party believes in good faith includes information not generally known to others and that it would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.

2.2      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential Attorneys' Eyes Only" material is "CONFIDENTIAL" material that includes extremely commercially sensitive information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information shall include but is not limited to trade secrets, confidential

1  research and development, any non-public financial, technical, marketing, cost, pricing and

2  revenue information, and any other commercially sensitive trade secret information.

3        2.3   <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" MATERIAL</u>

4        "Highly Confidential Source Code" material is "CONFIDENTIAL" material that includes

5  extremely commercially sensitive computer code and associated comments and revision histories,

6  and technical documents that have substantial portions of code or describe in detail the algorithms

7  or structure of the software, disclosure of which to another party or non-party would create a

8  substantial risk of serious harm that could not be avoided by less restrictive means.  For avoidance

9  of doubt, this definition does not include, and the <u>HIGHLY CONFIDENTIAL – SOURCE CODE</u>

10  designation shall not be used for ordinary engineering specifications or firmware or driver code

11  that a party or non-party makes available in uncompiled form to the public.

12        2.4   <u>"Outside Counsel of Record"</u>

13        "Outside Counsel of Record" are attorneys who are not employees of a party to this action

14  but are retained to represent or advise a party to this action and have appeared in this action on

15  behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and

16  their support staff.

17  3.   <u>SCOPE</u>

18        The protections conferred by this agreement cover not only "CONFIDENTIAL,"

19  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL

20  – SOURCE CODE" material (as defined above) (collectively referred to as "Protected Material"),

21  but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

22  summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

23  presentations by parties or their counsel that might reveal Protected Material.

24        However, the protections conferred by this agreement do not cover information that is in

25  the public domain or becomes part of the public domain through trial or otherwise.

26  4.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4.1     <u>Basic Principles</u>. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "CONFIDENTIAL" material only to:

(a)     the receiving party's Outside Counsel of Record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     experts and consultants (and their support personnel under paragraph 8.6) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, provided that counsel for the party retaining the copy or imaging service has a confidentiality agreement in place with the service similar or identical to Exhibit A and instructs the service not to disclose any "CONFIDENTIAL" material to third parties and to immediately return all originals and copies of any "CONFIDENTIAL" material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any other person the parties agree to in writing.

4.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Materials. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material only to:

(a)     the receiving party's Outside Counsel of Record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts and consultants (and their support personnel under paragraph 8.6) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and to whom the procedures set forth in paragraph 4.4, below, have been followed;

(c)     professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material provided that counsel for the party retaining the copy or imaging service has a confidentiality agreement in place with the service similar or identical to Exhibit A

1  and instructs the service not to disclose any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material to third parties and to

3  immediately return all originals and copies of any "HIGHLY CONFIDENTIAL – ATTORNEYS'

4  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material;

5         (e)    the author or recipient of a document containing the information or a

6  custodian or other person who otherwise possessed or knew the information; and

7         (f)    any other person the parties agree to in writing.

8      4.4   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

9  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE</u>

10  <u>CODE" Material</u>:

11         (a)    Unless otherwise ordered by the court or agreed to in writing by the

12  designating party, a party that seeks to disclose to an expert or consultant any information or item

13  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

14  "HIGHLY CONFIDENTIAL – SOURCE CODE," pursuant to paragraph 4.3(b) first must make

15  a written request to the designating party that (1) identifies what category of information, whether

16  it is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

17  CONFIDENTIAL – SOURCE CODE," that the receiving party seeks permission to disclose to the

18  expert or consultant, (2) sets forth the full name of the expert or consultant and the city and state

19  of his or her primary residence, (3) attaches a copy of the expert or consultant's current resume,

20  (4) sets forth a list of other cases in which the individual has provided a report or testified (at trial

21  or deposition) within the preceding four years, and (5) sets forth a list of companies that the

22  individual has been employed by or provided consulting services pertaining to the field of the

23  invention of the patent(s)-in-suit or the products accused of infringement within the preceding four

24  years and a brief description of the subject matter of the consultancy or employment.

25         (b)    A party that makes a request and provides the information specified in the

26  preceding respective paragraphs may disclose the subject protected material to the identified expert

or consultant unless, within seven (7) days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A party that receives a timely written objection must meet and confer with the designated party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the party seeking to make the disclosure to the expert or consultant may seek a conference with the Court and, if necessary, file a motion as provided in Local Civil Rule 7 seeking permission from the court. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert or consultant is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

In any such proceeding, the party opposing disclosure to the expert or consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its expert or consultant.

4.5    <u>Filing Protected Material</u>. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

1   the standards that will be applied when a party seeks permission from the court to file material

2   under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

3   requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

4   Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

5   the strong presumption of public access to the Court's files.

6   5.    DESIGNATING PROTECTED MATERIAL

7          5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

    or non-party that designates information or items for protection under this agreement must take

8   care to limit any such designation to specific material that qualifies under the appropriate

9   standards. The designating party must designate for protection only those parts of material,

10  documents, items, or oral or written communications that qualify, so that other portions of the

11  material, documents, items, or communications for which protection is not warranted are not swept

12  unjustifiably within the ambit of this agreement.

13

14         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

16  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

17  and burdens on other parties) expose the designating party to sanctions.

18         If it comes to a designating party's attention that information or items that it designated for

19  protection do not qualify for protection, the designating party must promptly notify all other parties

20  that it is withdrawing the mistaken designation.

21         5.2    Manner and Timing of Designations. Except as otherwise provided in this

22  agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

23  ordered, disclosure or discovery material that qualifies for protection under this agreement must

24  be clearly so designated before or when the material is disclosed or produced.

25         (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

26  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

the designating party must affix the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page
that contains Protected Material.

A party or non-party that makes original documents or materials available for inspection
need not designate them for protection until after the inspecting party has indicated which material
it would like copied and produced.  During the inspection and before the designation, all the
materials made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," or, for source code related materials, "HIGHLY
CONFIDENTIAL – SOURCE CODE."  After the inspecting party has identified the documents it
wants copied and produced, the producing party must determine which documents, or portions
thereof, qualify for protection under this Order.  Then, before producing the specified documents,
the producing party must affix the appropriate designation in the manner described above.

(b)     Testimony given in deposition or in other pretrial proceedings: the parties
and any participating non-parties must identify on the record, during the deposition or other pretrial
proceeding, all protected testimony, without prejudice to their right to so designate other testimony
after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the
transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or
exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Alternatively, a designating party
may specify, at the deposition or up to twenty-one (21) days afterwards if that period is properly
invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE."  Any transcript that is prepared before the expiration of a 15-day period for designation
shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" in its entirety, and source code material or testimony as "HIGHLY
CONFIDENTIAL – SOURCE CODE," unless otherwise agreed.  After the expiration of that

Bunsow De Mory LLP
701 El Camino Real, Redwood City CA
1 650 351 7428

period, the transcript shall be treated only as actually designated.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list

the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROSECUTION BAR

Absent written consent from the producing party, any attorney representing a party, whether in-house or outside counsel, and any person associated with a party and permitted to receive access to technical documents or other technical materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE (collectively, "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, another party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit (*e.g.*, motion and position sensing and measurement) as well as the subject matter of the HIGHLY SENSITIVE MATERIAL to which access is received during the pendency of this action and for one year after its conclusion, including any appeals.  Notwithstanding the foregoing, an individual that certifies that they no longer have access to HIGHLY SENSITIVE MATERIAL and no longer have access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order and is no longer performing work for the Receiving Party is no longer subject to the prosecution bar, after one year from the date of the certification.   To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE

MATERIAL and any individuals who prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit as well as the subject matter of the HIGHLY SENSITIVE MATERIAL to which access is received. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, EPR, IPR or PGR, except that the person shall not participate, directly or indirectly, in the amendment of any claim(s).  Plaintiff confirms that it will not amend any claims of the patents-in-suit, and that the patents-in-suit are expired.  For avoidance of doubt, mere access to non-technical *(i.e.,* financial or sales) information will not trigger any bar under this paragraph, even if the information is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

8.    SOURCE CODE

8.1    To the extent production of source code becomes necessary in this case, a producing party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with Paragraph 2.3 above.

8.2    Access to a party's source code material shall be provided only on "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The stand-alone computer may only be located within the continental United States at the Palo Alto or Redwood City offices of the producing party's outside counsel in Northern California or another mutually agreed upon location.  The stand-alone computer shall have disk encryption and be password protected.  With the exception of note-taking as described below, any making of electronic or paper copies of any complete lines of source code is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer, and shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.  A non-attorney for the producing party

Bunsow De Mory LLP
701 El Camino Real, Redwood City CA
1 650 351 7428

1    may visually monitor the activities of the receiving party's representatives but only to ensure that

2    no unauthorized electronic records of the source code material and no information concerning the

3    source code material are being created or transmitted in any way.

4          8.3     The receiving party shall make reasonable efforts to restrict its requests for such

5    access to the stand-alone computer to normal business hours, which for purposes of this paragraph

6    shall be 9:00 a.m. through 5:00 p.m.  However, upon reasonable notice from the receiving party,

7    the producing party shall make reasonable efforts to accommodate the receiving party's request for

8    access to the stand-alone computer outside of normal business hours.   The parties agree to cooperate

9    in good faith such that maintaining the producing party's source code at the offices of its outside

10    counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively

11    conduct the prosecution or defense of this action.

12          8.4     The producing party shall provide the receiving party with information explaining

13    how to start, log on to, and operate the stand-alone computer in order to access the produced source

14    code material on the stand-alone computer.  The stand-alone computer will be equipped with at

15    least one external flat-screen monitor of sufficient size to be comfortably read from, and if

16    requested, an external mouse or keyboard.

17          8.5     The producing party will produce source code material in computer searchable

18    format, adhering as close as possible to the file and path structure in which the code is kept in the

19    ordinary course, on the stand-alone computer as described above.  The stand-alone computer shall

20    include Notepad++, Docfetcher, and Catfish, as tools for the review and analysis of source code

21    material.   The receiving party's outside counsel and/or experts/consultants may request that

22    commercially available software tools for viewing and searching source code material be installed

23    on the stand-alone computer, provided, however, that (a) the receiving party possesses an

24    appropriate license to such software tools; (b) the producing party approves such software tools;

25    and (c) such other software tools are reasonably necessary for the receiving party to perform its

26    review of the source code material consistent with all of the protections herein. The producing

party shall approve reasonable requests for additional commercially available software tools. The receiving party must provide the producing party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the stand-alone computer.  The producing party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the receiving party.  By way of example, the producing party will not compile or debug software for installation.

8.6     Access to source code material shall be limited to outside counsel and up to two (2) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a party or an affiliate of a party or competitor identified by the producing party with reasonable specificity) retained for the purpose of this litigation and approved to access such protected materials pursuant to paragraph 4.4 above.   A receiving party may include excerpts of source code material in an expert report (if no more than 10 consecutive lines of code), pleading (if no more than 10 consecutive lines of code), or in a trial exhibit, trial demonstrative, exhibit to a pleading, exhibit to an expert report, or deposition transcript exhibit (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

8.7     To the extent portions of source code material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

8.8     No electronic copies of source code material shall be made without prior written

---

[1] Each outside consultant or expert may have 1 support person receive access to source code material, provided that such support person accessing the source code material shall be disclosed pursuant to Paragraph 4.4.

consent of the producing party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.  To the extent portions of source code material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically ("Source Code Exhibit"), either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted source code material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE. The receiving Party may create an electronic copy or image of limited excerpts of no more than 25 lines of source code material from Source Code Printouts (*see* Section 8.9 below) as defined below in paragraph (i), only to the extent necessary to create Source Code Exhibits or any drafts of these documents.    The receiving party shall only include such excerpts as are reasonably necessary for inclusion in such documents for filing with the Court.  Images or copies of source code material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving party may create an electronic image of a selected portion of the source code material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection, and any documents or drafts thereof that contain such source code material must remain encrypted except as may be required for filing with the Court.  The communication and/or disclosure of electronic files containing any portion of source code material shall at all times be limited to individuals who are authorized to see source code material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and must only be exchanged via secure, encrypted file transfer.  If Source Code Exhibits are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.  Electronic images should not be maintained separate and apart from the filing for which they were created for.

Bunsow De Mory LLP
701 El Camino Real, Redwood City CA
1 650 351 7428

8.9     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material.  The receiving party may request up to four paper copies ("Source Code Printouts") of limited portions of source code material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.   In no event may the receiving party request printouts of more than 15 consecutive pages, or an aggregate total of more than 150 pages, of source code from Plaintiff or Defendants during the duration of the case without prior written approval by the producing party, which will not be unreasonably denied. The receiving party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth above.  Using the software available on the source code computer, the receiving party shall create PDFs of the printed copies the receiving party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  The request for printed source code material shall be served via email request identifying the subfolders of the "Print Requests" folder that the receiving party is requesting. Within three (3) business days of receiving a request for printed source code material, the producing party will provide to the receiving party the requested printed source code material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE." Any challenges to or modifications of the limitations on the amount of source code to be printed may be made pursuant to the dispute resolution procedure and timeframes set forth herein.  The receiving party shall have the burden of showing why the additional printed code is necessary to the case and why the necessity of disclosure of this additional code outweighs the highly confidential nature of the source code.

8.10    If the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of source code material, the receiving party shall ensure that such outside counsel,

consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.   The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition) provided that the Source Code Printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

8.11    A producing party's source code material may only be transported by the receiving party at the direction of a person authorized under paragraph 4.4 above to another person authorized under paragraph 4.4 above, on paper via hand carry, Federal Express, or other similarly reliable courier.   Source code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

8.12    During their review of produced Source Code Material,  outside  counsel  and experts  may  take  notes  on  a dedicated laptop computer with its camera covered or disabled provided by the producing Party in the same room as the stand-alone computer containing Source Code Material.  Such notes may not substitute for the printing requests described in this paragraph. The dedicated laptop computer must contain at least Notepad++. The receiving Party's outside counsel, consultants, and experts may take notes on the dedicated laptop computer and save them on an encrypted removable media, such as a thumb drive, that connects to the dedicated laptop computer.  The encrypted removable media must be removed from the room containing the stand-alone computer after the notes have been uploaded to/downloaded from the dedicated notetaking laptop computer.  The receiving Party's outside counsel, consultants, and experts may take the encrypted removable media with their notes with them at any time.  Other electronic devices, including personal cell phones and any input/output device (e.g., USB memory stick, tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device

1   that can access the Internet or any other network or external system, etc.), shall not be permitted

2   in the rooms with the stand-alone computer(s) and connected printer(s).

3       8.13   The reviewer shall not take notes electronically on the "stand-alone" computer

4   containing source code material or any other computer or electronic device (besides the dedicated

5   note-taking laptop computer) while conducting a review.

6       8.14   A list of names of persons who will review source code material on the stand-alone

7   computer will be provided to the producing party in conjunction with any written (including email)

8   notice requesting inspection.  Prior to the first inspection of any source code material on the stand-

9   alone computer, the receiving party shall provide five (5) business days' notice to schedule the

10  initial inspection with the producing party. The receiving party shall provide three (3) business

11  days' notice in advance of scheduling any additional inspections.  Such notice shall include the

12  names and titles for every individual from the receiving party who will attend the inspection.  The

13  receiving party may also request a separate nearby location for keeping personal items (*e.g.*,

14  cellphone), which the producing party will make reasonable efforts to accommodate and provide.

15      8.15   All copies of any portion of the Source Code Printouts in whatever form shall be

16  securely destroyed if they are no longer in use.  Copies of Source Code Printouts that are marked

17  as deposition exhibits shall not be provided to the Court Reporter or attached to deposition

18  transcripts; rather, the deposition record will identify the exhibit by its production numbers. If a

19  party deposing a witness wishes to refer to Source Code Printouts, such party will provide notice

20  at least one (1) week in advance of any such deposition. The witness will be provided a copy of

21  the complete range of Source Code Printouts by their counsel. Any paper copies used during a

22  deposition provided by the producing party will be retrieved by the producing party at the end of

23  each day, and any such copies provided by the receiving party will be retrieved by the receiving

24  party at the end of each day. In the case of a remote deposition, counsel for the witness will be

25  responsible for providing a copy of the complete range of Source Code Printouts to the witness in

26  advance of any such deposition.

Bunsow De Mory LLP
701 El Camino Real, Redwood City CA
1 650 351 7428

9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
LITIGATION

        If a party is served with a subpoena or a court order issued in other litigation that compels
disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE
CODE," that party must:

        (a)     promptly notify the designating party in writing and include a copy of the
subpoena or court order;

        (b)     promptly notify in writing the party who caused the subpoena or order to
issue in the other litigation that some or all of the material covered by the subpoena or order is
subject to this agreement. Such notification shall include a copy of this agreement; and

        (c)     cooperate with respect to all reasonable procedures sought to be pursued by
the designating party whose Protected Material may be affected.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected
Material to any person or in any circumstance not authorized under this agreement, the receiving
party must immediately (a) notify in writing the designating party of the unauthorized disclosures,
(b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the
person or persons to whom unauthorized disclosures were made of all the terms of this agreement,
and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be
Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
MATERIAL

        When a producing party gives notice to receiving parties that certain inadvertently
produced material is subject to a claim of privilege or other protection, the obligations of the
receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: September 29, 2023                    Presented by,

4    By:  _/s/ Mark P. Walters_              By:  _/s/ Michael N. Zachary_

5    Matthew J. Brigham (*pro hac vice*)      Corey Johanningmeier (*pro hac vice*)
     Dena Chen (*pro hac vice*)               Michael N. Zachary (WSBA No. 27064)
6    Patrick Lauppe (*pro hac vice*)          BUNSOW DE MORY LLP
                                              701 El Camino Real
7    COOLEY LLP                               Redwood City, CA 94063
     3175 Hanover Street                      Telephone: (650) 351-7248
8    Palo Alto, CA 94304-1130                 Facsimile: (415) 426-4744
     Tel. (650) 843-5000                      cjohanningmeier@bdiplaw.com
9    Fax: (650) 849-7400                      mzachary@bdiplaw.com
     mbrigham@cooley.com
10   dchen@cooley.com
     plauppe@cooley.com                       Attorneys for Plaintiff
11                                            American GNC Corp.

12   Stephen R. Smith (*pro hac vice*)
     COOLEY LLP
13   1299 Pennsylvania Ave NW, Suite 700
     Washington, D.C. 20004
14   Telephone: +1 202 842 7800
     Fax: +1 202 842 7899
15   stephen.smith@cooley.com

16
     Lawrence D. Graham (Bar No. 25402)
17   Mark P. Walters (Bar No. 30819)
     LOWE GRAHAM JONES
18   1325 Fourth Avenue, Suite 1130
     Seattle, WA 98101
19   Telephone: +1 206 381 3300
     Fax: +1 206 381 3301
20   graham@lowegrahamjones.com
     walters@lowegrahamjones.com
21

22   For Defendants
     Nintendo of America Inc. and
23   Nintendo Co., Ltd.

24

25

26

STIPULATED PROTECTIVE ORDER                              Bunsow De Mory LLP
CASE NO. 2:23-CV-00302-TL  - PAGE 21                  701 El Camino Real, Redwood City CA
                                                          1 650 351 7428

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents, electronically stored information (ESI) or information, whether inadvertent or

4    otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6    documents, including the attorney-client privilege, attorney work-product protection, or any other

7    privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

8    protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

9    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

10   of documents, ESI or information (including metadata) for relevance, responsiveness and/or

11   segregation of privileged and/or protected information before production.  Information produced

12   in discovery that is protected as privileged or work product shall be immediately returned to the

13   producing party.

14

15   DATED: September 29, 2023

16

17

18   Tana Lin
     United States District Judge
19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-00302-TL  - PAGE  22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *American GNC Corporation v. Nintendo Co., Ltd., et al.*, No. 2:23-cv-00302-TL. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-00302-TL  - PAGE  23

Bunsow De Mory LLP
701 El Camino Real, Redwood City CA
1 650 351 7428