UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GNC CORPORATION,<br><br>                Plaintiff,<br>v.<br><br>NINTENDO CO. LTD., and NINTENDO OF AMERICA, INC.,<br><br>                Defendant. | CASE NO. 2:23-cv-00302-TL<br><br>ORDER ON MOTION TO STAY PENDING *INTER PARTES* REVIEW |

This matter is before the Court on Defendant Nintendo's Motion to Stay Case Pending *Inter Partes* Review. Dkt. No. 42. Having reviewed Plaintiff American GNC Corporation's response (Dkt. No. 44), Defendant's reply (Dkt. No. 45), and the relevant record, and having held oral argument (Dkt. No. 48), the Court GRANTS IN PART and DENIES IN PART the motion and STAYS the matter while allowing limited discovery to proceed.

## I. BACKGROUND

The Court assumes familiarity with the facts of the case. Relevant to the instant motion, on March 7, 2024, Defendant filed two petitions for *inter partes* review by the Patent Trial and

Appeals Board ("PTAB") seeking to invalidate all asserted claims of the Patents-in-Suit: U.S. Patent No. 6,508,122 ("the '122 Patent") and U.S. Patent No. 6,671,648 ("the '648 Patent"). Dkt. No. 42 at 6. Plaintiff's responses are optionally due by June 12, 2024, and the PTAB will issue an institution decision by September 12, 2024. *Id.* The *Markman* hearing is currently scheduled for August 16, 2024, and trial is scheduled for May 19, 2025. *See* Dkt. No. 36 (schedule). On March 28, 2024, Defendant filed the instant motion to stay proceedings pending the outcome of its IPR petitions. Dkt. No. 42; *see also* Dkt. No. 45 (reply). Plaintiff opposes. Dkt. No. 44. On May 9, 2024, the Court heard oral argument on the motion. Dkt. No. 48.

## II. LEGAL STANDARD

"The [district] court has the authority to stay [a] case pending the outcome of an IPR petition." *WAG Acquisition, LLC v. Amazon.com, Inc.*, No. C22-1424, 2023 WL 1991888, at *1 (W.D. Wash. Feb. 14, 2023); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). "To determine whether to grant such a stay, the court considers (1) whether a stay will simplify the court proceedings; (2) the stage of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." *WAG Acquisition*, 2023 WL 1991888, at *1 (citing *Pac. Bioscience Lab'ys, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011)); *accord WSOU Invs., LLC v. F5 Networks, Inc.*, No. C20-1878 et al., 2022 WL 766997, at *1 (W.D. Wash. Mar. 14, 2022) (citing the same).

## III. DISCUSSION

Defendant argues that all relevant factors weigh in favor of a stay. *See* Dkt. No. 42 at 9–14. Specifically, Defendant argues: (1) a stay will simplify the litigation (*id.* at 11–12); (2) the stage of the case favors a stay because little discovery has been taken and most deadlines are far ahead (*id.* at 9–11); and (3) Plaintiff will suffer no undue prejudice (*id.* at 12–14). In opposition, Plaintiff argues that all factors weigh against a stay. *See* Dkt. No. 44 at 8–16.

A.      **Simplification of the Case**

Defendant's IPR petitions challenge every asserted claim of the Patents-in-Suit. *See* Dkt. No. 42 at 6. "Thus, IPR may be dispositive of this matter." *Immersion Corp. v. Valve Corp.*, No. C23-702, 2024 WL 1466536, at *2 (W.D. Wash. Apr. 4, 2024); *see WAG Acquisition*, 2023 WL 1991888, at *2 ("[T]here is a substantial risk that both the court and the parties will needlessly expend valuable resources in determining the validity of patent claims that are ultimately cancelled or amended by the USPTO."). As this Court has also previously observed and credited, the PTAB's 2023 fiscal year-end statistics indicate that the PTAB instituted review on 67 percent of petitions filed. *See* Dkt. No. 42-7 at 7; *Immersion*, 2024 WL 1466536, at *2. Plaintiff points out that it has only faced three IPRs before, all for different patents, and none of which resulted in invalidated claims. *See* Dkt. No. 44 at 9–10. However, a sample size of three offers little probative value here. Plaintiff also provides data regarding the success of the counsel involved in this matter (*see id.* at 10), but Plaintiff does not point to any court that has credited such data, and this Court finds their probative value extremely limited.

In addition, "even if some claims survive IPR"—and discovery is not greatly simplified, as Plaintiff contends (Dkt. No. 44 at 10)—"the Court would benefit from the expert analysis of the PTAB in managing multiple aspects of this matter." *Immersion*, 2024 WL 1466536, at *2. Plaintiff points out that "[Defendant] has told the PTAB that claim construction is unnecessary" and that only "one interpretation issue . . . could possibly be discussed, but not finally determined." Dkt. No. 44 at 8. However, "the Court still believes that the PTAB's analysis will shed light on the meaning and scope of the Patents-in-Suit, even if it will not conclusively resolve any claim construction disputes." *Immersion*, 2024 WL 1466536, at *2. Therefore, this factor weighs in favor of a stay.

### B. Stage of the Case

This matter was in its early stages when Defendant filed its motion to stay, and it remains in its early stages. *See SRC Labs, LLC v. Microsoft Corp.*, No. C18-321, 2018 WL 6065635, at *4 (W.D. Wash. Nov. 20, 2018) ("'[T]he proper time to measure the stage of the litigation' is at 'the date of the filing of the motion to stay.'" (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014))). At the time the motion was filed, the close of fact discovery was six months away, the close of expert discovery was nine months away, the *Markman* hearing was five months away, and trial was 14 months away. *See* Dkt. No. 36 (scheduling order); *see also, e.g.*, *Pac. Bioscience*, 760 F. Supp. 2d at 1066 ("The fact that substantial additional discovery, claim construction, and other issues lie ahead in this case weighs in favor of a stay."). Even at the time of the hearing, some preliminary and first-round discovery had occurred, but the Parties had still not engaged in claim construction briefing (though positions have been taken), only one expert report had been shared, and no depositions had been scheduled, including any foreign depositions.

In its brief and at the hearing, Plaintiff argues that the stage of the case calls for ongoing discovery. *See* Dkt. No. 44 at 11–13. As discussed below, *see infra* § III.D, the Court is cognizant of this concern, and it will permit certain discovery to proceed. However, this factor still weighs in favor of a stay.

### C. Undue Prejudice

Plaintiff has not made any showing of undue prejudice or clear tactical disadvantage beyond "mere delay," which is not enough. *SRC Labs*, 2018 WL 6065635, at *4 (quoting *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009)). Plaintiff is not seeking (and cannot seek) injunctive relief based on patents that expired in 2019 and 2020; instead, Plaintiff seeks only past damages for past

infringement. But "[a] stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *VirtualAgility*, 759 F.3d at 1318. Plaintiff also does not dispute that it is not in direct competition with Defendant; instead, it argues that Defendant has not made its own showing of prejudice. *See* Dkt. No. 44 at 14–15. But Plaintiff has it backward: this factor concerns prejudice of a stay to the *non-moving party*, not prejudice to the movant from the lack of a stay.

Most significant, however, Plaintiff's own delays in prosecuting this action belies the concerns it now raises about delay and prejudice. As Defendant explains, the Nintendo Switch was released in 2017, yet Plaintiff waited until 2023 to bring this action against Defendant—despite notifying Defendant in 2017 of its potential infringement (*see* Dkt. No. 1 ¶¶ 39–42), and despite bringing a series of actions against other potential infringers. Dkt. No. 42 at 13. When asked at the hearing about this delay, Plaintiff stated that it was due to limited resources and a decision to put Defendant last in the line of litigation targets. Whatever the merits of that decision, Plaintiff must now accept the consequences of the strategy it chose.

Even *during* this litigation, Plaintiff has demonstrated a lack of urgency. After serving a subpoena on STMicro, the manufacturer and supplier of components related to the accused products, in August 2023, Plaintiff did not take steps to enforce the subpoena for six months, despite receiving objections in September 2023. *See* Dkt. No. 42-3 at 2 (letter from STMicro to Plaintiff dated Mar. 15, 2024, noting that "[n]o attempts to contact ST were made" since Sep. 7, 2023); Dkt. No. 42-4 at 2 (letter from Plaintiff to STMicro dated Mar. 7, 2024; "I write in the hope of *starting a conversation* about voluntary compliance with the subpoena, short of less efficient measures such as motions to enforce and pursuit of international process . . . ." (emphasis added)); Dkt. No. 44-8 at 2 (email from Plaintiff's counsel to Defendant's counsel dated Sept. 19, 2023, and acknowledging receipt of objections). Plaintiff also knew STMicro

would likely challenge the subpoena as Plaintiff litigated a case against STMicro involving the same technology in 2020. *See* Dkt. No. 44 at 12–13; Dkt. No. 42-5 (prior motion to compel). When asked about this lack of action at the motion hearing, Plaintiff offered a variety of reasons, including naivety about STMicro's compliance with production, questions about STMicro's stake in the case, and general busyness, including the holidays. None of these explanations alter the Court's view that Plaintiff, by its own behavior, has demonstrated that it will not be prejudiced by an additional four-month delay.[1,2]

In its brief, Plaintiff emphasizes its desire to see discovery proceed and the risk of losing evidence during the pendency of the stay. *See* Dkt. No. 44 at 13–16. Although much of that risk may be attributable to Plaintiff's own lack of action, the Court will permit some discovery to proceed, which further mitigates any possible concern about prejudice. *See infra* § III.D. Still, this factor weighs in favor of a stay.

**D.      Balancing the Factors**

Ultimately, the Court finds that a pre-institution stay is appropriate in this matter. *See Immersion*, 2024 WL 1466536, at *4 (granting pre-institution stay). Although "this Court remains wary" of such stays prior to the grant of IPR, *id.*, the specific facts of this case strongly indicate that any harm from a stay is minimal and can be easily remedied by allowing for targeted, limited discovery to proceed during a stay and by increased monetary damages should Plaintiff ultimately prevail. Moreover, Plaintiff appears responsible for most of the delay in the case so far, suggesting that it will not be harmed by a further limited delay.

---

[1] Indeed, at the hearing, Plaintiff anticipated about the same amount of time—*at least* four months—for international discovery under the Hague Convention to be completed.

[2] A defendant that waits until nearly the expiration of the time to file for IPR risks denial of a motion to stay, since discovery can be quite far along in the matter of one year. However, that is not the case here.

Still, the Court recognizes the importance of allowing this case to proceed as much as possible, and it appreciates the willingness of both Parties to explore practical solutions to this dispute. To that end, certain discovery will be allowed to proceed while all other aspects of the case will be stayed. Plaintiff may proceed with discovery on STMicro, which Defendant did not contest at the hearing. Plaintiff may also arrange a perpetuation deposition of co-inventor Hiram McCall as it deems necessary, which Defendant also did not contest at the hearing. *See* Fed. R. Civ. P. 27(c). Finally, Defendant shall respond to Plaintiff's outstanding interrogatories.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Defendant's Motion to Stay Case Pending *Inter Partes* Review (Dkt. No. 42) is GRANTED IN PART and DENIED IN PART.

(2) Plaintiff may proceed with discovery against STMicro and a deposition of Hiram McCall. Plaintiff may move to lift stay for additional limited discovery after it receives discovery from STMicro, if appropriate. Plaintiff SHALL meet and confer with Defendant prior to filing any such motion.

(3) Defendant SHALL respond to Plaintiff's outstanding interrogatories.

(4) In all other respects, this matter is STAYED pending the PTAB's decision on Defendant's IPR petitions.

(5) All case deadlines that remain as of the date of this Order, including the trial date and the *Markman* hearing, are VACATED.

(6) The Parties SHALL meet and confer and file a joint status report **within fourteen (14) days** of receiving the PTAB's decision on all of Defendant's petitions, or **by October 1, 2024**, which occurs earlier.

//

(7)   The Clerk of Court SHALL administratively close this case.

Dated this 14th day of May 2024.

Tana Lin
United States District Judge

ORDER ON MOTION TO STAY PENDING INTER PARTES REVIEW - 8